IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01783-RM-KLM

ADA SANCHEZ,

     Plaintiff,

v.

DENVER URGENT CARE, L.L.C.,

     Defendant.

_____

## ORDER

_____

## ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX

This matter is before the Court on the parties' **Joint Motion to Stay Proceedings**

[#17][1] (the "Motion").  In the Motion, the parties jointly request a stay of all deadlines and

proceedings in this action "until there has been a Rule 16 Conference and implementation

of deadlines in the related case of *Marcella Sanchez v. Denver Urgent Case, LLC,*[2] Civil

Action No. 13-cv-3317-RM-BNB." *Motion* [#17] at 1.  On January 22, 2014, Judge Martinez

entered an Order Directing Reassignment in *Marcella Sanchez*, finding "that the interests

of justice are best served and judicial economy is best preserved if the above captioned

action is REASSIGNED to Judge Moore."  *Order Directing Reassignment* filed in 13-cv-

03317-RM-BNB [#16] at 1.  The parties state that they seek a stay in this case because

_____

[1]  "[#17]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this Order.

[2]  Referred to herein as "*Marcella Sanchez*."

"both cases involved some of the same parties and a common core of operative facts [and] discovery will overlap extensively." *Motion* [#17] at 2.  Therefore, "[i]n order to avoid duplicative and unnecessary discovery, the Parties would like to align the two cases to follow an identical litigation track." *Id.*  In the alternative, the parties request "a two month extension of all deadlines . . . ." *Id.* at 3.

The Court notes that a Scheduling Conference is set in *Marcella Sanchez* on February 21, 2014 at 10:00 a.m. before Judge Boland.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.,* 299 U.S. 248, 254 (1936); *see also Clinton v. Jones*, 520 U.S. 681, 706-07 (1997); *Ellis v. J.R.'s Country Stores, Inc.*, No. 12-cv-01916-CMA-KLM, 2012 WL 6153513, at *1 (D. Colo. Dec. 11, 2012) (granting stay of proceedings); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.,* 201 F.R.D. 1, 2 (D.D.C. 2001) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation marks and citation omitted)).  "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.*" Id.* at 254-55.  Although a stay of proceedings in a case is generally disfavored in this District, a stay may be granted in appropriate circumstances. *Compare Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL

2

1655362, at *1 (D. Colo. June 6, 2007) ("A stay of all discovery is generally disfavored in this District." (citation omitted)); *with Ellis*, 2012 WL 6153513, at *1 (granting stay of proceedings).

When exercising its discretion to enter a stay, the Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the Court; (4) the interests of nonparties; and (5) the public interest. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PA, 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987) (unreported decision)).

In this case, a stay would apparently not prejudice or burden either Plaintiff or Defendant, as the parties jointly request the stay. Therefore, the Court finds that the first and second *String Cheese Incident* factors weigh in favor of a stay. With regard to the third factor, it is certainly more convenient for the Court to enter a stay until the deadlines are set in *Sanchez* so that the parties can most efficiently use the Court's resources. The Court therefore finds that the third *String Cheese Incident* factor weighs in favor of a stay. With regard to the fourth factor, there are no nonparties with significant particularized interests in this case. Accordingly, the fourth *String Cheese Incident* factor neither weighs in favor nor against a stay. With regard to the fifth and final factor, the Court finds that the public's only interest in this case is a general interest in its efficient and just resolution. Avoiding wasteful efforts by the Court and litigants serves this interest. Thus, the fifth *String Cheese Incident* factor weighs in favor of a stay.

IT IS HEREBY **ORDERED** that the Motion [#17] is **GRANTED** to the extent is seeks

a stay.  Accordingly,

     IT IS FURTHER **ORDERED** that the case is **STAYED** until **February 26, 2014**.

     IT IS FURTHER **ORDERED** that on or before **February 26, 2014**, the parties shall file a proposed Amended Scheduling Order.

     IT IS HEREBY **ORDERED** that the Final Pretrial Conference set for September 4, 2014, at 9:30 a.m. is **VACATED**.  The Court will reset the Final Pretrial Conference when it enters the Amended Scheduling Order.

     Dated:  February 10, 2014            BY THE COURT:

                                       Kristen L.  Mix
                                       United States Magistrate Judge