IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:13-cv-01783-RM-KLM

ADA SANCHEZ,

    Plaintiff,

vs.

DENVER URGENT CARE, L.L.C.,

    Defendant.

## HIPAA QUALIFIED PROTECTIVE ORDER

This matter comes before the Court on the parties' Joint Motion for Entry of Protective Order. The Court has reviewed that Motion. The Motion is meritorious and acceptable. Therefore, IT IS ORDERED:

    A.    The parties will engage in discovery in this employment litigation which may require the production of documents, the inspection of tangible things, the answering of interrogatories and requests to admit, and the taking of depositions;

    B.    In the course of discovery, financial, educational, employment, operational and/or other confidential information is likely to be produced by the parties, or other persons or entities;

    C.    In addition, based on the nature of Defendant's business, the parties may request, produce, receive, subpoena, and transmit Protected Health Information ("PHI") of Defendant's patients, as that term is used under the Health Insurance Portability and

1

Accountability Act of 1996 ("HIPAA"), codified primarily at 18, 26 & 42 U.S.C. (2003), and, if PHI is obtained, the parties must provide for the continued confidentiality of PHI;

D.  HIPAA permits the disclosure and use of PHI in a judicial proceeding without notice to the individual, if the safeguards set forth below are in place to limit the use and disclosure of PHI. See 45 C.F.R. § 164.512(e);

E.  The parties are interested in permitting discovery to proceed without delay occasioned by possible disputes about the confidential nature of the documents and/or information being produced;

F.  The parties, pursuant to agreement, have filed a Joint Motion Requesting Entry of a HIPAA Qualified Protective Order (Dkt. # 22), applying to the Court for this Agreed HIPAA Qualified Protective Order limiting the disclosure of confidential documents, PHI and/or information produced in this litigation and have stipulated hereto;

G.  *Federal Rule of Civil Procedure 26(c)* provides for the issuance of a protective order limiting the disclosure and use of information and documents for good cause; and

H.  Making the information described above subject to the Agreed HIPAA Qualified Protective Order will assist in the discovery process and provide necessary protection for confidential information and PHI. As such, good cause exists for the issuance of this HIPAA Qualified Protective Order.

IT IS HEREBY ORDERED THAT:

1.  The following definitions shall apply for purposes of this Order:

2

a. "PHI" means protected health information, as that term is defined under HIPAA and the Privacy Standards defined in 45 C.F.R. §§ 160 & 164. Without limiting the definition, and merely for purposes of providing examples, PHI includes, but is not limited to, health information, including demographic information, relating to either: the past, present, or future physical or mental health or condition of an individual; the providing of health care to an individual; and the payment for care provided to an individual that identifies the individual, or which reasonably could be expected to identify the individual. A document may be designated as PHI by either stamping, or marking, it "CONFIDENTIAL," or otherwise identifying it as "confidential" by the use of these words or other similar language. Once a document is marked "CONFIDENTIAL", the "CONFIDENTIAL" marking cannot be removed without the written consent of both parties or the order of the Court regardless of which party marked the document "CONFIDENTIAL." By marking a document "CONFIDENTIAL the designating party is certifying to the court that the document has been reviewed by an attorney and found to fall within the provisions of this order. If PHI is produced without a confidential designation, any party may seek to have it designated as PHI by advising the other party of same within a reasonable amount of time. Deposition testimony may be designated as PHI by identifying the relevant portions on the record at the deposition, or by sending written notice specifying those portions to each party within a reasonable amount of time, not to exceed 30 days, after the date the transcript of those portions of the deposition is

received by the designating party. If the parties cannot agree about a PHI designation, they may raise the issue with the Court.

  b. "Privacy Standards" means the Standards for Privacy of Individually Identifiable Health Information. See 45 C.F.R. §§ 160 & 164.

  c. "Covered Entities" means those entities defined by 45 C.F.R. § 160.103.

  d. "Signatories" means all parties to this litigation, their attorneys, and all nonparties that a court may subsequently recognize as a signatory, or otherwise obligate, to comply with this qualified protective order.

  e. "Confidential discovery material" means confidential and non-public financial, educational, employment, operational and/or other confidential information of a party or third person that has been previously maintained as confidential, whether produced under the Federal Rules of Civil Procedure, any document request, subpoena, or order in this litigation; in answers to interrogatories, requests to admit, and depositions on written questions served in this litigation; designated oral deposition testimony given in this litigation; and all documents reflecting the results of an inspection, testing, or sampling of any tangible thing requested in this litigation. A document may be designated as confidential discovery material by either stamping or marking it "CONFIDENTIAL," or otherwise identifying it as "proprietary" or "confidential" by the use of these words or other similar language. If confidential discovery material is produced without a confidential designation, any party may seek to

have it designated as confidential discovery material by advising the other party of same within a reasonable amount of time. Deposition testimony may be designated as confidential discovery material by identifying the relevant portions on the record at the deposition, or by sending written notice specifying those portions to each party, within a reasonable amount of time, not to exceed 30 days after the date the transcript of those portions of the deposition is received by the designating party. If the parties cannot agree about a confidentiality designation, they may raise the issue with the Court pursuant to MJ Mix's discovery procedures.

f.  "Person" means any natural person and any corporation, partnership, association, or other entity.

g.  "Party" means Plaintiff Ada Sanchez, and Defendant Denver Urgent Care, LLC d/b/a Guardian Urgent Care, and any other person that may become a named party to this litigation.

h.  "Designating party" means the party responsible for producing any material that is designated as confidential or PHI, or for requesting a confidential or PHI designation on documents produced or discreet excerpts of depositions.

2.  The Signatories shall familiarize themselves with HIPAA and the Privacy Standards.

3.  Wherever possible, the Signatories agree to cooperate to de-identify PHI. If the parties cannot agree regarding the de-identification of PHI, they agree to present their respective arguments to the Court pursuant to MJ Mix's discovery procedures for ruling. When de-identification of PHI is not possible, the Signatories agree to only make PHI available for in- person inspection.

Under 45 C.F.R. § 164.512(e)(1), the Signatories and Covered Entities are only permitted to release PHI in their possession in response to a valid subpoena, discovery request, court-ordered disclosure, or other lawful purposes if the PHI requested is necessary for the prosecution, and/or defense, of this litigation, and only after concluding it is impossible to de-identify the PHI. The Signatories and Covered Entities are permitted to inspect PHI that is released to them. No copies of such PHI information made available for in-person inspection will be permitted, unless otherwise ordered by the Court. The party producing de-identified documents will explain in writing and under penalty of perjury what specific information has been de-identified and will redact only such information that is disclosed and nothing more. The parties are reminded that, in accordance with Fed. R. Civ. P. 26(a), no information that has been redacted from documents produced may be used to support the claims in this lawsuit. This Order specifically permits the disclosure of PHI related to Defendant's patients in the form of patient identification information and the provision of healthcare services to various patients, that is necessary for the prosecution, and/or defense, of this litigation and that cannot be de-identified.

4. This Order authorizes any third party who was, or is, provided with a valid discovery request, or subpoena, seeking production of documents, or commanding attendance, at deposition, or trial, to disclose PHI to the parties in this litigation and their counsel when responding to such request or subpoena, provided the PHI is necessary for the prosecution, and/or defense, of this litigation. This Order is intended to authorize such disclosures under the HIPAA Privacy Rule, 45 C.F.R. § 164.512(e)(1), without the

need for any separate, or further, court order, or authorizations. However, nothing herein shall be construed as a waiver, nor otherwise prevent any third party from timely asserting an objection or a privilege, nor moving to quash.

5. Except with the prior written consent of the designating party, confidential discovery material may not be disclosed to any person other than:

   a. A party, including any officer, director, employee, agent, or representative of or attorney for a party;

   b. The Judges presiding in this litigation, the Judge's' staffs and such employees of the Court as directed by the Judges; *KLM*

   c. Counsel of record for a party, as well as their lawyer associates, paralegals, and office staff;

   d. Other counsel for a party, as well as their paralegals and office staff;

   e. Outside experts, consultants, advisors, and analysts retained or consulted for the purpose of assisting a party in the preparation and trial of this case.

   f. Witnesses being deposed or testifying at trial; and

   g. Jury members in the event this case proceeds to trial.

6. Copies of de-identified PHI may be produced by the parties pursuant to the terms of this Protective Order. PHI that is not de-identified will be limited to in-person inspection. Copies of PHI that is not de-identified will only be produced by parties pursuant to a Court Order for the same and when de-identified PHI is insufficient.

7. All PHI and confidential discovery material produced pursuant to this Protective Order and filed with the court shall be filed under Level of Restriction 1 pursuant to D.C.COLO.LCivR 7.2(b).

8. Signatories may use confidential discovery material in any manner that is reasonably connected to the prosecution, and/or defense, of this litigation. The Signatories, their counsel, and all persons receiving any PHI under this Order, are expressly prohibited, for any purpose other than as necessary for the prosecution, and/or defense, of this litigation, from using, or disclosing, the PHI obtained under this Order.

9. At the conclusion of this litigation, the designating party may request the return, or destruction, of any confidential discovery material and copies thereof. All remaining confidential discovery material, and copies thereof, in the possession, custody, or control of any party, or its attorney, shall be maintained in the possession, custody, or control of counsel for the party, and shall be withheld from all other persons following the conclusion of this litigation. Notwithstanding any subsequent request for return, or destruction, of confidential material, such discovery material may be retained solely for the purpose of defending an action against said counsel, or responding to a disciplinary complaint against said counsel. The Signatories agree, within 90 days of the issuance of a final order, or the extinguishment of all appeals, all Signatories that obtained PHI during the course of this litigation shall destroy any PHI, including all copies made, or return it to the covered entity from which it obtained the PHI.

10. Nothing in this Order shall:

      a.      Authorize the Signatories to obtain PHI through any means other than formal discovery requests, validly issued subpoenas, depositions, court-ordered disclosures, or other lawful process;

      b.      Restrict the right of any party to use any confidential discovery material in any hearing or trial in this litigation; provided, however, the parties agree to cooperate prior to any such hearing or trial to develop appropriate procedures for the protection of confidential discovery material from disclosure to the public.

      d.      Prevent any party from objecting to discovery that the party believes is improper for any reason;

      e.      Preclude any party from seeking any further or additional protection for PHI or confidential discovery material not provided in this Order; or

      f.      Alter the parties' requirements to file a motion seeking leave to file documents under seal.

ORDERED this 22nd day of July, 2014.

                BY THE COURT:

                _____
                ~~Judge Raymond Moore~~

                KRISTEN L. MIX
                U.S. MAGISTRATE JUDGE
                DISTRICT OF COLORADO